IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHET MURRY                                                                                          PETITIONER
ADC #088146

V.                                        NO. 5:05CV00283 WRW/JWC

LARRY NORRIS, Director,                                                                RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Chet Murry, an Arkansas Department of Correction inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry #2). Respondent has filed a motion to dismiss (docket entry #7), asserting that the petition should be dismissed due to Petitioner's failure to exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1).

Following entry of a guilty plea in March 2005 in the Circuit Court of Pulaski County, Arkansas, Petitioner was convicted of failing to register as a sex offender and was sentenced to seventy-two months of imprisonment. (Resp't Ex. A.) By pleading guilty, Petitioner waived his right to a direct appeal under Arkansas law. Ark. R. App. P.-Crim. 1(a) (2005).

On June 3, 2005, Petitioner filed a petition for post-conviction relief pursuant to Ark. R. Crim. P. 37, alleging (1) prosecutorial misconduct in failing to promptly bring him to trial even though he was in prison for over a year and a half, (2) ineffective assistance of

counsel, and (3) denial of due process. (Resp't Ex. B.) By order filed on October 7, 2005, the Pulaski County Circuit Court denied his Rule 37 petition on the merits. State v. Murry, No. CR 2004-4537 (Pul. Co. Cir. Ct. Oct. 7, 2005) (Resp't Ex. C).

On October 4, 2005 (before the state circuit court denied the Rule 37 petition), Petitioner signed this federal habeas petition, advancing the following claims:

1. He was denied the effective assistance of counsel;

2. His conviction was obtained by the unconstitutional failure of the prosecution to disclose favorable evidence to Petitioner;

3. The trial court lacked jurisdiction to convict or detain him; and

4. He was denied due process of law because he was not promptly brought to trial.

Respondent asserts that the petition should be dismissed without prejudice because Petitioner still has an available state remedy which he must pursue before involving the federal courts. Specifically, Respondent states that Petitioner's Rule 37 petition was just recently denied, leaving him with the option of appealing the denial to the Arkansas Supreme Court. See Ark. R. App. P.-Crim. 2(a)(4) (appeal of denial of Rule 37 post-conviction petition must be filed within thirty days of entry of order of denial). In reply (docket entry #12), Petitioner states that he has just received the order denying his Rule 37 petition, and he asks the Court to allow him to exhaust this state remedy and continue his federal action at a later date.

As a matter of comity, the state courts should have the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). A federal habeas petitioner is thus required to exhaust all available avenues of relief in the state courts

before the federal courts will consider a claim. 28 U.S.C. § 2254(b) & (c). State remedies are not fully exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c). This requires state prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking *one complete round of the State's established appellate review process.*" O'Sullivan, 526 U.S. at 845 (emphasis added). A claim is considered exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

Therefore, to comply with the exhaustion requirement, Petitioner is required to appeal the denial of his Rule 37 post-conviction petition to the Arkansas Supreme Court. See Armstrong v. Iowa, 418 F.3d 924, 925-26 (8th Cir. 2005). If he does not do so, he may be procedurally barred from ever raising his asserted grounds in a federal habeas corpus proceeding. Id. at 926; see Coleman v. Thompson, 501 U.S. 722, 731-32, 750 (1991) (procedurally defaulted claim cannot be reviewed unless federal habeas petitioner demonstrates cause and prejudice for the default, or actual innocence).

Accordingly, Petitioner should be allowed to return to state court, as he desires, to fully exhaust his Rule 37 post-conviction proceedings.

Dismissal without prejudice is recommended, rather than the "stay and abeyance" procedure described in Rhines v. Weber, 125 S. Ct. 1528 (2005), which may be appropriate in limited circumstances in light of the one-year statute of limitations for filing a federal habeas petition under 28 U.S.C. § 2244(d). Although the limitations period continues running while a federal habeas petition is pending, the limitations period is tolled during the pendency of a properly filed state post-conviction proceeding, including the

interval between a state trial court's denial of a post-conviction petition and the filing of a timely appeal from that denial.  Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (limitations period tolled until state post-conviction application has achieved "final resolution" through the "ordinary state collateral review process"); see Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (state post-conviction proceedings are "pending" for period between trial court's denial of state post-conviction application and timely filing of an appeal, but are **not** "pending" during time between end of direct review and date that application for state post-conviction relief is filed).  Therefore, assuming Petitioner has taken a timely appeal of his Rule 37 denial, the limitations period has not been running while this federal habeas action has been pending.  He is advised that he should refile his federal habeas petition as soon as possible after the Arkansas Supreme Court issues a decision on his Rule 37 appeal.

Respondent's motion to dismiss (docket entry #7) should be granted, and this 28 U.S.C. § 2254 petition for writ of habeas corpus should be dismissed without prejudice to Petitioner's refiling after fully exhausting his remedies in state court.

DATED this 10th day of November, 2005.

_____
UNITED STATES MAGISTRATE JUDGE